**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AARON T. WARREN,<br><br>    Plaintiff,<br><br>vs.<br><br>SWAT, T.P.D., et al.,<br><br>    Defendants. | No. CIV 10-076-TUC-CKJ<br><br>**ORDER** |

    On February 5, 2010, Plaintiff Aaron T. Warren ("Warren") filed a pro se Complaint. On March 30, 2010, Warren filed an Amended Complaint. Warren has also submitted a Motion to Proceed *in Forma Pauperis* [Doc. # 6].

*In Forma Pauperis*

    The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 § 1915(a)(1). Warren's statement, made under penalty of perjury, establishes that Warren receives $536.00 per month unemployment payments and $360.00 per month in food stamps. The Court finds Warren is unable to pay the fees. The Motion to Proceed In Forma Pauperis will be granted.

*Screening Order*

    This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

*General Requirements*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed.R.Civ.P. Especially where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). Furthermore, all allegations of a claim are to be set forth in numbered paragraphs that should be limited to a single set of circumstances. Rule 10(a), Fed.R.Civ.P. "Each claim . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." *Id*. Failure to set forth claims in such a manner places the onus on the court to decipher which, if any, facts support which claims, as well as to determine whether a plaintiff is entitled to the relief sought. *Haynes v. Anderson & Strudwick, Inc.*, 508 F.Supp. 1303 (D.C.Va. 1981). Enforcement of this rule is discretionary with the Court, but such enforcement is appropriate where it is necessary to facilitate a clear presentation of the claims. *See*, *Benoit v. Ocwen Financial Corp., Inc.*, 960 F.Supp. 287 (S.D.Fla. 1997), affirmed 162 F.3d 1177 (compliance with rule required where allegations were so confusing and conclusory, claims were commingled, and impossible to determine nature of claims).

Moreover, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed.R.Civ.P. 10(a). Warren's Amended Complaint fails to include the names of all the parties in the caption.

The Court will dismiss the Amended Complaint to allow Warren to comply with these requirements. If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim.. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when

dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

*Requirement that Action State a Claim on Which Relief Can be Granted*

The United States Supreme Court has determined that, in order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).[1] While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65. Indeed, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Id.* at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* at 1965. Although a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), has not been filed in this case, the Court screens the Complaint in light of *Twombly* and must determine if Warren has "nudge[d] [his] claims across the line from conceivable to plausible." *Id.* at 1974. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardue*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 929 (2007).

In discussing *Twombly*, the Ninth Circuit has stated:

"A claim has facial plausibility," the Court explained, "when the plaintiff pleads

---

[1] The holding in *Twombly* explicitly abrogates the well established holding in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

- 3 -

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Id.*

*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

This Court must take as true all allegations of material fact and construe them in the light most favorable to Warren. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Furthermore, the Court is not to serve as an advocate of a *pro se* litigant, *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), in attempting to decipher a complaint.

*Claims – 42 U.S.C. § 1983*[2]

The construes Warren's Complaint as alleging a Fourth Amendment excessive force violation, a Fourth Amendment unreasonable search violation, a Fourth Amendment unreasonable seizure violation, a Fifth Amendment due process violation, an Eighth Amendment cruel and unusual punishment violation, a Fourteenth Amendment due process

---

[2] 42 U.S.C. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989). To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States and (2) the alleged deprivation was committed by a person action under color of state law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

violation, and a Fourteenth Amendment equal protection violation. Warren also appears to be alleging the tort claim of defamation. The Court will discuss these claims.

*Fourth Amendment – Excessive Force*

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." United States Constitution, 4th Amend. To state a Fourth Amendment excessive force claim, a plaintiff must allege that a defendant's use of force was unreasonable. *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The Fourth Amendment requires police officers making [a seizure] to use only an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). In determining whether the use of force was reasonable, "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake" are to be balanced. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), *internal quotation marks omitted*. Relevant factors in this inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

Warren asserts that he was restrained with plastic ties that were too tight.[3] The Ninth Circuit has determined that "detaining a person in handcuffs during the execution of a warrant to search for evidence is permissible, but only when justified by the totality of the circumstances." *Meredith v. Erath*, 342 F.3d 1057, 1062-63 (9th Cir. 2003). Moreover, Warren alleges that an officer threw him down on the floor and slammed his face on the floor. While these facts may state a claim that the use of force was unreasonable, Warren has failed to allege any individual who used force upon him. An allegation of an affirmative

---

[3]Warren also alleges that Officer Wakefield subsequently removed the plastic ties and placed handcuffs on Warren.

link is needed between the injury and the conduct of a defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *see also Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (officer cannot be held liable without a showing of individual participation, i.e., integral participation, in unlawful conduct); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (section 1983 liability arises where there is personal involvement). The Court finds Warren has failed to state a claim upon which relief can be granted.

*Fourth Amendment – Unreasonable Search*

To state a claim for a Fourth Amendment unreasonable search violation, a plaintiff must allege that a defendant conducted an unreasonable search. *Samson v. California*, 547 U.S. 843, 126 S.Ct. 2192, 2197, 165 L.Ed.2d 250 (2006); *see also Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991) (where an officer knowingly or recklessly submits false information in an affidavit supporting an application for a warrant, the individual's Fourth Amendment rights are violated), *overruled on other grounds*. Under the Fourth Amendment, courts examine the totality of circumstances to determine whether a search is reasonable. *Id.* Furthermore, reasonableness is determined by weighing the intrusion on the individual's privacy right against the promotion of a legitimate governmental interest. *Id.*

Warren alleges that the officers had a bad warrant and no valid evidence to support probable cause. Warren further alleges that the officers acted with malice and in reckless disregard for whether the contents of the warrant were true. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *Rhodes v. Robinson*, 612 F.2d 766, 772 (3d Cir. 1979). Warren's allegations as to the officers acting with malice and in reckless disregard for the truth are merely conclusory. *See also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Moreover, Warren has not alleged an affirmative link between the injury and the conduct of a specific defendant. The Court finds Warren has failed to state a claim upon which relief can be granted.

*Fourth Amendment – Unreasonable Seizure*

Warren asserts that his Fourth Amendment rights were violated by his unlawful arrest. Warren alleges that Officers Robles and Wakefield integrally participated in his arrest. Under the Fourth Amendment, to arrest a suspect on probable cause, the facts and circumstances within the officer's knowledge must be sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing or is about to commit an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). In considering alleged violations of the Fourth Amendment, the court undertakes an objective assessment of an officer's actions in light of the facts and circumstances then known to the officer. *Scott v. United States*, 436 U.S. 128, 137, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978).

Police may arrest a person without a warrant if the arrest is supported by probable cause. *See United States v. Hoyos*, 892 F.2d 1387 (9th Cir.1989). Indeed, probable cause to arrest is a complete defense to the liability of a police officer for an action under § 1983 arising out of an arrest. *Owen v. City of Independence*, 445 U.S. 622, 637, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980); *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir.1990). An officer has probable cause to arrest when the officer has knowledge of facts and circumstances sufficient to cause a reasonable person to believe an offense has been committed. *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In evaluating a custodial arrest executed by state officials, federal courts must determine the reasonableness of the arrest in reference to state law governing the arrest. *United States v. Mota*, 982 F.2d 1384, 1388 (9th Cir.1993); *see also Barry v. Fowler*, 902 F.2d 770, 771 (9th Cir.1990) (finding that arrest without probable cause that the arrestee committed a crime constitutes a violation of the Fourth Amendment).

In this case, Warren has alleged that probable cause did not support the search or seizure of any personal property of the home. Although implied, Warren has not alleged

that probable cause did not exist for his arrest. Because the Amended Complaint does not comply with procedural requirements, the Court will dismiss this claim with leave to amend.

*Fifth Amendment and Fourteenth Amendment Due Process*

"The Fifth Amendment prohibits the federal government from depriving persons of due process[.]" *Castillo v. McFadden*, 370 F.3d 882, 889 n.5 (9th Cir. 2004). Because Warren's allegations are not against federal officials, the Court will discuss a Fourteenth Amendment due process claim.[4] The United States Supreme Court has found that, to state a claim for a violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must allege that a defendant denied plaintiff a specific right protected by the federal constitution without procedures required by the Constitution to ensure fairness (procedural due process), or deliberately abused his power without any reasonable justification in aid of any government interest or objective and only to oppress in a way that shocks the conscience (substantive due process). *Sandin v. Connor*, 515 U.S. 472, 483-84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Daniels v. Williams*, 474 U.S. 327 (1986); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To allege a procedural due process claim, a plaintiff must allege that there is a liberty or property interest protected by the Constitution, there has been a deprivation of the interest by the government, and a lack of process. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Substantive due process rights are those not otherwise constitutionally protected but which are deeply rooted in this country's history and tradition and "implicit in the concept of ordered liberty" such that "neither liberty or justice would exist if it were sacrificed. *Washington v. Glucksberg*, 521 U.S. 702, 721, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Negligence is not sufficient to state a claim for substantive due process. *See e.g., Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Maddox v. City of Los Angeles*, 792 F.2d

---

[4] Fifth Amendment due process claims and Fourteenth Amendment due process claims are analyzed in the same way. *Paul v. Davis*, 424 U.S. 693, 702 n. 3, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

- 8 -

1408, 1413 (9th Cir. 1986).

Warren appears to be alleging a substantive due process claim based on false information providing the basis for the search warrant. However, where an officer knowingly or recklessly submits false information in an affidavit supporting an application for a warrant, the Fourth Amendment rights of the individual subject to the warrant are violated. *See Branch*, 937 F.2d at 1387. Because a claim for a Fourth Amendment violation is available to Warren, this due process claim is "otherwise constitutionally protected." The Court finds, therefore, that Warren has failed to state a claim upon which relief can be granted.

*Eighth Amendment Cruel and Unusual Punishment*

The treatment a prisoner receives in *prison* and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); *see also Spain v. Procunier*, 600 F.2d 189, 193-94 (9th Cir. 1979) ("Whatever rights one may lose at the prison gates, . . . the full protections of the eighth amendment most certainly remain in force. The whole point of the amendment is to protect persons convicted of crimes."). The Due Process Clauses of the Fifth and Fourteenth Amendments prohibit the punishment of persons prior to a judgment of conviction; the Due Process Clauses govern conditions or restrictions of pretrial detention. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

In this case, Warren does not allege any pre-conviction or post-conviction confinement violation. Rather, Warren asserts a violation based on an officer throwing him down on the floor and slamming his face on the floor.[5] The Court finds Warren has failed to state a claim upon which relief could be granted.

---

[5]The Court has also discussed this claim as a Fourth Amendment excessive force claim.

*Fourteenth Amendment – Equal Protection*

"The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). "'To state a claim . . . for a violation of the Equal Protection Clause . . . a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), *quoting Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Equal Protection Clause also forbids unequal enforcement of valid laws where such unequal enforcement is the product of improper motive. *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); *see also United States v. Bourgeois*, 964 F.2d 935 (9th Cir. 1992); *Church of Scientology of California v. C.I.R.*, 823 F.2d 1310 (9th Cir. 1987).

Warren has not alleged that any defendant acted with an intent or purpose to discriminate against his based upon membership in a protected class or even that he is a member of a protected class. *See generally Barren v. Harrington*, 152 F.3d 1193,1194 (9th Cir. 1998). The Court finds Warren has failed to state a claim on which relief can be granted.

*Defamation*

Warren asserts a claim of defamation in his Second Amended Complaint. "Oversimplifying, libel is a written or visual defamation, while slander is an oral defamation." *Boswell v. Phoenix Newspapers, Inc.*, 152 Ariz. 1, 6 n. 4, 730 P.2d 178 n. 4 (App. 1985). "'One who publishes a false and defamatory communication concerning a private person . . . is subject to liability, if, but only if, he (a) knows that the statement is false and it defames the other, (b) acts in reckless disregard of these matters, or (c) acts negligently in failing to ascertain them.'" *Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93 (App. 2007), *citations omitted*.

In making his defamation claim, Warren does not assert who is alleged to have

defamed him. It appears Warren is alleging that one or more officers made false statements to the property manager, but this is not clearly alleged; similarly, the alleged false statements are not set forth in the Second Amended Complaint. The Court finds Warren has failed to state a claim upon which relief can be granted.

*SWAT and TPD Defendants*

Warren has included SWAT and TPD as defendants in this case. Supervisory officials may be liable if they "implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991), cert. denied, 112 S.Ct. 972 (1992) (*quotations omitted*); *see also Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (a supervisor may be liable under § 1983 if he "knew of the violations and failed to act to prevent them."). "[L]ocal governments can be sued [under § 1983 only where] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Material facts must be presented that a policy expressly sanctioned, enacted, or authorized by the municipality has led to an alleged injury. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Ulrich v. City and County of San Francisco*, 308 F.3d 968 (9th Cir. 2002). Warren has not alleged any unconstitutional policy statement, ordinance, regulation or decision officially adopted and promulgated by either SWAT or TPD. *See Ortez v. Washington County, State of Oregon*, 88 F.3d 804 (9th Cir. 1996) (pre-*Twombly*, the Ninth Circuit found that a claim of municipal liability was sufficiently alleged even though the claim was based on nothing more than bare allegations), *citing Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988). The Court finds Warren has failed to state a claim on which relief can be granted.

*Second Amended Complaint*

The Court finds that dismissal with leave to amend is appropriate. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (leave to amend is liberally granted unless absolutely clear deficiencies cannot be cured by amendment). The Court has provided the reasons for the dismissal so Warren can make an intelligent decision whether to file a Second Amended Complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987). Furthermore, Warren is advised that all causes of action alleged in the original or amended complaints which are not alleged in any Second Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Any Second Amended Complaint filed by Warren must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any Second Amended Complaint submitted by Warren shall be clearly designated as a Second Amended Complaint on the face of the document.

Warren should take notice that if he fails to timely comply with every provision of this Order, this action will be dismissed pursuant to Fed.R.Civ.P. 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), *cert. denied*, 506 U.S. 915 (1992).

Accordingly, IT IS THEREFORE ORDERED:

1. Warren's Motion to Proceed *in Forma Pauperis* [Doc. # 6] is GRANTED.

2. Warren's Amended Complaint is DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND. Warren shall have thirty (30) days from the date of filing this Order to file a Second Amended Complaint.

3. Any Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the prior complaints or subsequent pleadings by reference. All causes of action alleged in the original or amended complaints which are not alleged in any Second Amended Complaint will be waived. Any Second Amended

Complaint submitted by Warren shall be clearly designated as a Second Amended Complaint on the face of the document. Any Second Amended Complaint shall comply with the requirements of Fed.R.Civ.P. 8(a), 10(a), and 11(a).

4. The Clerk of the Court is DIRECTED to enter a judgment of dismissal, without prejudice, without further notice to Warren, if Warren fails to file a Second Amended Complaint within thirty (30) days of the filing date of this Order.

5. A clear, legible copy of every pleading or other document filed SHALL ACCOMPANY each original pleading or other document filed with the Clerk for use by the District Judge to whom the case is assigned. *See* L.R.Civ. 5.4. **Failure to submit a copy along with the original pleading or document will result in the pleading or document being stricken without further notice to Warren.**

6. At all times during the pendency of this action, Warren shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS". The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Warren shall serve a copy of the Notice of Change of Address on all served opposing parties. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 13th day of May, 2010.

_____
Cindy K. Jorgenson
United States District Judge